UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:16-cv-3020 KJN P<br><br><br>ORDER |

Introduction

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint must be dismissed, but plaintiff is granted leave to file an amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff alleges violations of his right to due process, retaliation, racial discrimination, cruel and unusual punishment, deliberate indifference, and obstruction of his access to courts, all in violation of the First, Eighth and Fourteenth Amendments to the United States Constitution, by the following actions.

Defendant Bartos allegedly falsified plaintiff's property records; confiscated plaintiff's personal property under false pretense; denied plaintiff the option to send his property home under false pretenses; detained plaintiff in a holding cage without cause; confirmed Bartos confiscated plaintiff's property because he was black; absconded with plaintiff's personal property without providing a receipt; and withheld and then destroyed, plaintiff's personal property. All of these actions were allegedly taken because plaintiff is black and because plaintiff informed Bartos plaintiff would be filing a grievance against Bartos.

Defendants Murphy, Eckernaught, Guzman and Parrish violated plaintiff's rights because they failed to report Bartos' actions. (ECF No. 1 at 17.)

Defendants Cottrell, Murphy, Hooven, and Parrish allegedly violated plaintiff's First and Eighth Amendment rights by using excessive force on April 17, 2015, when plaintiff did not resist in response to plaintiff's request to speak with the sergeant about getting his property and medical supplies. (ECF No. 1 at 17-18.)

Defendants Cottrell, Murphy, Hooven, Parrish, Eckernaught, Kissinger, and Fackrell allegedly violated plaintiff's First, Eighth , and Fourteenth Amendment rights to be free from

3

retaliation, cruel and unusual punishment, racial discrimination, and deliberate indifference by failing to report Eckernaught's involvement with the use of force, failing to report Eckernaught's statement while plaintiff was restrained on the ground; fabricating incident reports claiming plaintiff willfully resisted; and disregarding their duty to intervene, prevent and report wrong doing.

Defendant Gustafson allegedly violated plaintiff's First and Fourteenth Amendment rights to be free from retaliation and racial discrimination by attempting to cover up plaintiff's retaliation and racial discrimination claims against defendant Bartos by finding Bartos did not violate policy; refusing to "fully grant" plaintiff's request to be redressed for the missing and damaged property identified in plaintiff's property appeal; responding to both plaintiff's complaints against Gustafson's immediate subordinate in violation of prison regulations. (ECF No. 1 at 18.)

Defendants Cottrell, Murphy, Hooven and Kissinger allegedly violated plaintiff's First and Eighth Amendment rights to be free from retaliation and deliberate indifference when they deliberately failed to report or document that plaintiff's property was withheld by Bartos on April 17, 2015, and returned on June 12, 2015; that the property returned on June 12, 2015, was missing numerous items, contained items that did not belong to plaintiff, and his typewriter was destroyed; that they took possession of the property on June 12, 2015; when they refused to redress plaintiff for his lost and damaged property because he filed an appeal; when they gave false evidence during the investigation of plaintiff's property appeal; and when they disregarded their duty to intervene, prevent and report wrongdoing. (ECF No. 1 at 19.)

Defendants Anglea, St. Andre and Peery allegedly failed to conduct an adequate review of plaintiff's administrative appeals; relied on the investigations and responses submitted by Gustafson who they knew was biased and prohibited by regulations from being involved in the review; failing to request an internal affairs investigation of the alleged staff misconduct; and disregarding their duty for the treatment of inmates while denying the complaints and not taking any reasonable steps to ensure the alleged misconduct was not happening. (ECF No. 1 at 19.)

////

1    Defendants Voong and Kernan allegedly inappropriately screened out and cancelled

plaintiff's staff complaints and disregarding prison regulations governing appeals. (ECF No. 1 at

20.)

Plaintiff seeks money damages and a declaratory judgment.

Discussion

Plaintiff's 180 page complaint suffers from a number of deficiencies, which the court

addresses below.

### Unrelated Claims

Plaintiff is advised that he may not pursue unrelated claims in one lawsuit. Plaintiff may

join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated

claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of

defendants not permitted unless both commonality and same transaction requirements are

satisfied).

The same principles apply here. Plaintiff may not proceed with a "mishmash of a

complaint." George, 507 F.3d at 607. He may not proceed in a single action with unrelated

claims against unrelated defendants. Plaintiff's complaint fails to comply with the rules regarding

joinder of claims and defendants, and undermines the intent of the Prison Litigation Reform Act.

See id.; Fed. R. Civ. P. 18(a), 20(a)(2). Therefore, this action may proceed only on related claims

against related defendants. Unrelated claims must be brought in a separate action.

////

Accordingly, the complaint must be dismissed and plaintiff granted leave to amend to pursue only such related claims against related defendants. In an effort to assist plaintiff in amending his complaint, as well as determining what claims he may pursue in a separate action, the court provides the following governing standards.

Fourteenth Amendment: Due Process

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Therefore, to the extent plaintiff claims his due process rights were violated by the unauthorized intentional deprivation of property, such claim is legally frivolous and must be dismissed. See 28 U.S.C. § 1915(e)(2).

Moreover, plaintiff cannot state a due process claim based on defendants' role in the inmate appeal process. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th

Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Therefore, plaintiff's claims that particular defendants wrongfully screened out or cancelled plaintiff's administrative appeals fail to state a due process claim and must be dismissed.

Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff may be able to state a retaliation claim against defendant Bartos because he alleges defendant Bartos took certain actions based on plaintiff telling Bartos that plaintiff would file a grievance against Bartos. However, plaintiff fails to address each of the elements required under Rhodes. Moreover, plaintiff fails to demonstrate that the remaining defendants took adverse action against plaintiff based on plaintiff's protected conduct. In addition, it is unclear whether such actions are related to the initial actions of Bartos such that they may be included in any amended complaint or must be pursued in a separate action.

////

Failure to Report/Failure to Document

Plaintiff alleges various defendants failed to report or document as required by Title 15 of the Code of Regulations. However, the failure to report or document alleged wrongful actions does not state a cognizable civil rights claim. Violations of state prison rules and regulations, without more, do not support any claims under section 1983. Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may plaintiff pursue them under section 1983. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right). Thus, plaintiff's claims based on a failure to comply with prison regulations do not rise to the level of a federal civil rights violation.

Fourteenth Amendment: Equal Protection (Racial Discrimination)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, plaintiff must show that defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Although plaintiff alleges "racial discrimination" in connection with various claims, he fails to set forth facts supporting an equal protection claim.

Eighth Amendment

Plaintiff alleges that later on April 17, 2015, defendants Cottrell, Murphy, Hooven, and Parrish used excessive force against plaintiff.

The use of excessive force against an inmate violates an inmate's Eighth Amendment right to be free from cruel unusual punishment. Graham v. Connor, 490 U.S. 386, 393-94 (1989). The use of force is constitutional if employed to keep or restore order in the prison; it is

unconstitutional if wielded "maliciously or sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson v. McMillan, 501 U.S. 1, 9-10 (1992). The Supreme Court has identified five factors to consider in determining whether an official's use of force was sadistic and malicious for the purpose of causing harm: (1) extent of the injury; (2) need to use the force; (3) relationship between the need to use the force and the amount used; (4) the threat "reasonably perceived" by the official; and (5) any efforts made to temper the severity of the force. Id. at 7.

First, the actions of defendants Cottrell, Murphy, Hooven, and Parrish took place after defendant Bartos' actions in plaintiff's cell and are unrelated to plaintiff's retaliation claims against defendant Bartos. Thus, such excessive force claims must be brought in a separate action.

Second, plaintiff must address each of the Hudson elements set forth above in connection with each defendant's actions.

False Report/Cover Up/Access to the Courts

A "complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at *5 (E.D. Cal. Feb. 16, 2006), adopted by 2006 WL 842585 (Mar. 28, 2006); see also Ellis v. Foulk, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) (guards' fabrication of evidence does not state a claim if procedural protections are provided during disciplinary hearing).) A cognizable claim is stated only if there is evidence that the false report was retaliatory, or the inmate is not afforded procedural due process in the hearing on the disciplinary charge. See Pratt v. Rowland, 769 F.Supp. 1128, 1134 (N.D. Cal. 1991) (filing false report states a claim only if retaliatory); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) (guards' "filing of unfounded charges did not give rise to a per se constitutional violation actionable under section 1983");

Sprouse v. Babcock, 870 F.2d 450, 452 (9th Cir. 1989) (claim based on falsity of charges, standing alone, did not state a constitutional claim).

Preparing a false report about an incident after it occurred cannot subject that individual to liability for the force used during the incident. See Villegas v. Schulteis, 2009 WL 3157519, at *6 (E.D. Cal. Sept. 28, 2009) ("While Walker's actions in submitting a false report and covering up the incident to protect his fellow correctional officers are wrongful, they do not rise to the level of an Eighth Amendment violation. Walker is only liable for his actions or inactions that could be said to have caused the attack to happen. Walker's actions in filing a false report cannot be said to have caused the attack to happen because by then the attack had already occurred."); see also Poe v. Huckaby, 2010 WL 1663141, at *6 (E.D. Cal. April 22, 2010) (dismissing without leave to amend claim that correctional officers violated the Eighth Amendment by filing a false report regarding an excessive force incident, because the "filing of the false reports occurred after the attacks" and therefore, the "false reports cannot be said to have caused or contributed to the unconstitutional use of excessive force").

In addition, an allegation that the defendants participated in a cover up states a Section 1983 claim only if the cover up deprives the plaintiff of his right of access to courts[1] by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover up. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 625 (9th Cir. 1988); Rose v. City of Los Angeles, 814 F.Supp. 878, 880-81 (C.D. Cal. 1993). Thus, a cover up claim is not ripe when an action seeking redress for the underlying constitutional violation, i.e., excessive force,

---

[1] Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

10

remains pending, and the cover up claim must be dismissed without prejudice. See <u>Karim-Panahi</u>, 839 F.2d at 625 (claim alleging police cover up of misconduct was premature when federal action challenging misconduct was pending and should be dismissed without prejudice); <u>Rose</u>, 814 F.Supp. at 881 (cover up claim dismissed without prejudice as premature given pendency of federal case based upon underlying alleged constitutional violation).

Based on the above, plaintiff's allegations concerning false reports, alleged cover up, and access to the courts must be dismissed.

<u>Leave to Amend</u>

For the above reasons, plaintiff's complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Id.</u> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See <u>Lopez</u>, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp.</u>, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>, 556 U.S. at 678 (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

> standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff is not required to re-submit his exhibits. The exhibits appended to plaintiff's complaint remain in the court file and may be referred to by any party.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 16, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hill3020.14

13

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KENNETH HILL, | No. 2:16-cv-3020 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff submits the following document in compliance with the court's order filed_____.

_____ Amended Complaint

DATED:

_____
Plaintiff

1